**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **FRANK GAINER**, <br> Plaintiff, <br> v. <br> **STATE OF MARYLAND, *et al.*,** <br> Defendants, | Civil Action No. 26-cv-248 (TSC) |

**OPINION AND ORDER**

Pro se Plaintiff Frank Gainer, a Maryland resident, sues the State of Maryland, Governor Wes Moore, Howard County, Howard County Executive Calvin Ball, the Howard County Sheriff's Department, the Howard County Police Department, individuals in the Sheriff's Department and Police Department, and private citizen Cynthia Lynn, another Maryland resident. Compl. ¶¶11–18, ECF No. 1. He alleges that Lynn conspired with the Howard County Sheriff's Department and Police Department to destroy his rent-to-own agreement, evict him from his property in Columbia, Maryland, and seize $25,000 worth of tools and furniture. *Id.* ¶¶ 19–24, 40. After these events, Plaintiff mailed various "notices" to state and county officials in Maryland, which included "[n]otary presentments" as well as requests for "body-cam footage" and "reports," but he received no response. *Id.* ¶¶ 28–31.

Plaintiff then filed suit in the District of Maryland against Defendants, similarly alleging "that Ms. Lynn conspired with the Sheriff's Department and Police Department to evict him from his private property," which the court dismissed for failure to state a claim. *See Gainer v.*

*Maryland*, No. 25-cv-1782, 2025 WL 4661176, at *1–2 (D. Md. Sept. 4, 2025); *see also Gainer v. Maryland*, No. 25-cv-1782, 2026 WL 171706, at *1 (D. Md. Jan. 22, 2026) (denying Plaintiff's motion for reconsideration and noting that the court "dismissed the complaint for failure to state a claim"). Thereafter, Plaintiff filed two suits in this district: the instant action and another collaterally attacking the Maryland court's dismissal. This court dismissed the latter action. *See* Mem. Op., *Gainer v. Russell*, No. 25-cv-3263 (Aug. 31, 2026 D.D.C.), ECF No. 33. Several Defendants now move to dismiss Plaintiff's Complaint in this case, *see* ECF Nos. 16, 17, 27, raising, among other issues, lack of personal jurisdiction, improper venue, immunity doctrines, and claim preclusion, while other Defendants have moved to quash Plaintiff's proof of service, ECF No. 12.

The court need not reach each of Defendants' proffered grounds, however, because it is clear from Plaintiff's Complaint, numerous attached exhibits, and other filings that this is not the proper venue for his claims. *See Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007) (recognizing that "a federal court has leeway 'to choose among threshold grounds for denying audience to a case on the merits.'" (quoting *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 585 (1999)). In a civil action, venue is proper where (1) "any defendant resides, if all defendants are residents of the State in which the district is located;" (2) where "a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated;" or (3) where "any defendant is subject to the court's personal jurisdiction with respect to such action," so long as venue is unavailable in any other district. 28 U.S.C. § 1391(b).

Plaintiff has not alleged that any of the Defendants are residents of D.C., Compl. ¶¶ 11–18, and there is no indication, in the Complaint or elsewhere, that any "substantial part of property"

related to this lawsuit is located here. On the contrary, Plaintiff's claims clearly involve property located in Columbia, Maryland. Compl. ¶ 19; Ex. 2 to Pl.'s Compl. at 2, ECF No. 1-3. Moreover, although Plaintiff claims that "[s]ubstantial events [occurred] under D.C. federal oversight," Compl. ¶ 8; *see also* Pl.'s Opp'n to Def. Lynn Mot. to Dismiss at 2 (alleging a "broader pattern of conduct," including "interactions with federal officers and employees"), ECF No. 18, he fails to explain what that "oversight" entailed, offer the name of any oversight bodies, or provide any causal nexus between their purported oversight and the challenged actions.[1] And beyond that conclusory reference, Plaintiff has not alleged that any of the "events or omissions giving rise to the claim[s]" *actually* occurred in D.C., much less a "substantial part" of those events. 28 U.S.C. § 1391(b)(2). Finally, even assuming this court retained personal jurisdiction over any Defendant, "there is another district that would be appropriate to hear this matter and that district is where the disputed [Maryland] Property is located, to wit: [Maryland]." *McCain v. Bank of Am.*, 13 F. Supp. 3d 45, 54 (D.D.C. 2014). Thus, venue is not appropriate in this district.

Pursuant to 28 U.S.C. § 1406(a), once a court has found that venue is inappropriate, the court has discretion to dismiss an action or transfer it to another district if it is "in the interest of justice." In the D.C. Circuit, "the standard remedy for improper venue is to transfer the case to the proper court rather than dismissing it." *National Wildlife Fed'n v. Browner*, 237 F.3d 670, 674 (D.C. Cir. 2001). Dismissal is nonetheless appropriate "when the outcome is foreordained."

---

[1] Indeed, none of the named Defendants in this action are federal officials, so the court is unsure what "federal oversight" Plaintiff could be referring to. To the extent Plaintiff attempts to rely on the existence of the "MD federal actors" he sued in his related civil case in this court, *see* Compl. ¶ 8, such reliance is misplaced; that case is a separate, now dismissed legal action. Moreover, insofar as Plaintiff invokes Defendants' litigation conduct in Maryland, his lack of success in that forum, and the fact he filed new cases in D.C. as additional bases for laying venue in this district, *see* Pl.'s Opp'n to Def. Lynn Mot. to Dismiss at 5; Ex. 1 to Pl.'s Mot. for Leave to File Surreply at 3–4, ECF No 23-1, his arguments plainly lack merit.

*McCain*, 13 F. Supp. 3d at 55 (quoting *Simpkins v. District of Columbia Gov't*, 108 F.3d 366, 371 (D.C. Cir. 1997)). A comparison of Plaintiff's Complaint to the other litigation he initiated in the District of Maryland suggests that his claims here are likely barred under the doctrine of claim preclusion, which prevents "repetitious suits involving the same cause of action once a court of competent jurisdiction has entered a final judgment on the merits." *United States v. Tohono O'Odham Nation*, 563 U.S. 307, 315 (2011) (cleaned up). The court declines to definitively resolve that question but merely finds that transferring an action facing such an obstacle would not serve the "interest of justice." 28 U.S.C. § 1406(a).

Accordingly, Defendants' Motions to Dismiss, ECF No. 16, 17, 27, are **GRANTED**, and this case is **DISMISSED** without prejudice. It is **FURTHER ORDERED** that all remaining pending motions, ECF Nos. 8, 12, 23, 30, are **DENIED** as moot. The Clerk of the Court shall close this case.

**SO ORDERED.**

Date: September 1, 2026

Tanya S. Chutkan
TANYA S. CHUTKAN
United States District Judge